

**GIBSON&PERKINS PC**
Attorneys At Law

SUITE 204
100 WEST SIXTH STREET
MEDIA, PA 19063
610.565.1708
610.565.4358 [FAX]

Edward L. Perkins * +
Walter J. Timby, III * +^
Martin J. Pezzner + (CPA)
Stephen Loester * +^
Paul Fellman +^
Dylan Mason+

*   LLM in Taxation
+   Admitted in Pennsylvania
^   Admitted in New Jersey

Of Counsel:
Frank W. Daly & Associates, Inc
Frank W. Daly +

Kevin William Gibson 1951-2016

Walter J. Timby, III
Direct Dial: 610.565.1708 x 103
Email:  wtimby@gibperk.com

September 26, 2025

**By Regular and Certified Mail**

| | |
|---|---|
| The Honorable Ashley M Chan | Mohung Wong |
| Chief Judge | Clerk of Court |
| United States Bankruptcy Court | United States Bankruptcy Court |
| Eastern District of Pennsylvania | Eastern District of Pennsylvania |
| Robert C. Nix, Sr. Federal Courthouse | Robert C. Nix, Sr. Federal Courthouse |
| 900 Market Street, Suite 400 | 900 Market Street, Suite 400 |
| Philadelphia, PA 19107 | Philadelphia, PA 19107 |

     Re:  In the Matter of Lee Meredith Herman, Esquire, Deceased
         Attorney Registration No. 27570
         C.C.P. Delaware County (No. 2025-cv-008153)

Dear Judge Chan and Mr. Wong:

  The purpose of this letter is to notify you of a STAY of all of the legal or administrative proceedings of Lee Meredith Herman, Esquire, pending in the Commonwealth of Pennsylvania in which Attorney Herman is counsel of record, effective September 15, 2025. Pursuant to Rule of Disciplinary Enforcement 321(g), a copy of which is enclosed, the stay is effective until: the conservator is discharged; a court, tribunal, magisterial district court or other government unit in which a matter is pending orders that the stay be lifted; or 30 days after notification that substitute counsel has been retained.

  Attorney Herman passed away on July 27, 2025. On September 18, 2025, the Honorable Linda A. Cartisano, President Judge of the Court of Common Pleas of Delaware County, appointed me as the Conservator of the case files of Attorney Herman in order to protect the legal interests of his clients. Attorney Herman's law practice is closed. A copy of the appointing Order is enclosed.

  Based on my review of the client files to date, I am aware that Attorney Herman has the following active cases in your county:

**GP GIBSON&PERKINS PC**
PAGE 2

**24-10759-AMC** *In re Howard Marquette*
- Attorney Herman is the debtor's attorney of record.
- Pending Motion to Dismiss (ECF No. 95) filed 09/08/2025

**24-13460-DJB** *In re: Theresa Marie Wilson*
- Attorney Herman is the debtor's attorney of record.
- Pending Motion to Dismiss (ECF No. 64) filed 03/06/2025
- Pending Motion for Relief from Stay (ECF No. 73) filed 05/05/2025

**25-10163-AMC** *In re Thomas Arthur Krapf, Jr.*
- Attorney Herman is the debtor's attorney of record.

**25-11846-DJB** *In re: Mounir Mohammed Elsayed*
- Attorney Herman is the debtor's attorney of record.
- Pending Motion to Dismiss (ECF No. 31) filed 09/09/2025

**25-12678-AMC** *In re: Bruce K. Redding, Jr.*
- Attorney Herman is the attorney of record for Patricia Van de Kamp

To the extent that the above-identified cases are active, I respectfully request that you make the judges presiding over those cases aware of my appointment as conservator and the Stay. In addition, please coordinate whatever action is necessary to make the courts and adjudicatory governmental units within your judicial district aware of the conservatorship and Stay.

Thank you for your assistance and prompt attention to this important matter.

Very truly,

**GIBSON & PERKINS, P.C.**

*/s/Walter J. Timby, III*
Walter J. Timby, III

Cc:   Kenneth E. West, Esquire (via email kwest@ph13trustee.com)
      Scott Waterman, Esquire (via email swaterman@readingch13.com)
      Frederic J. Baker, Esquire (via email Frederic.j.baker@usdoj.gov)

Enc.

    (1)    non-disciplinary counsel conservators:

    (i) shall not represent any party who is adverse to any known client of the absent attorney; and

    (ii) shall have no adverse interest or relationship with the absent attorney or his or her estate.

> Note: Nothing in the Rules of Professional Conduct relating to conflict of interest, confidentiality, or any other provision, shall prevent the Office of Disciplinary Counsel from serving as conservator, and from subsequently pursuing an investigation, and disciplinary prosecution of the absent attorney, based upon information gathered during the course of Disciplinary Counsel's service as conservator.

(f)    The filing by Disciplinary Counsel or any other interested person of an application for the appointment of a conservator under these rules shall be deemed for the purposes of any statute of limitations or limitation on time for appeal as the filing in the court of common pleas or other proper court or magisterial district court of this Commonwealth on behalf of every client of the absent attorney of a complaint or other proper process commencing any action, proceeding, appeal or other matter arguably suggested by any information appearing in the files of the absent attorney if:

    (1)    the application for appointment of a conservator is granted, and

    (2)    substitute counsel actually files an appropriate document in a court or magisterial district court within 30 days after executing a receipt for the file relating to the matter.

> Note: Under 42 Pa.C.S. § 5503(b) (relating to implementing court rules) the Supreme Court may define by rule the document which when filed constitutes the commencement of a matter for purposes of Chapter 55 of the Judicial Code (relating to limitation of time). Thus the application by Disciplinary Counsel under this rule is an omnibus pleading which stays the running of all statutes of limitations and appeal times pending a 30-day review of the files of the absent attorney.

(g)    The filing by Disciplinary Counsel or any other interested person of an application for the appointment of a conservator under these rules shall operate as an automatic stay of all pending legal or administrative proceedings in this Commonwealth where the absent attorney is counsel of record until the earliest of such time as:

    (1)    the application for appointment of a conservator is denied;

    (2)    the conservator is discharged;

    (3)    the court, tribunal, magisterial district court or other government unit in which a matter is pending orders that the stay be lifted; or

    (4)    30 days after the court, tribunal, magisterial district court or other government unit in which a matter is pending is notified that substitute counsel has been retained.

(h)    As used in this rule, the term "government unit" has the meaning set forth in 42 Pa.C.S. § 102 (relating to definitions).

> Official Note: Under 42 Pa.C.S. § 5503(b) (relating to implementing court rules) the Supreme Court may define by rule the document which when filed constitutes the commencement of a matter for purposes of Chapter 55 of the Judicial Code (relating to limitation of time). Thus the application by Disciplinary Counsel under this rule is an omnibus pleading which stays the running of all statutes of limitations and appeal times pending a 30-day review of the files of the absent attorney.

Rule 322.    **Duties of Conservator.**

(a)    The conservator shall take immediate possession of all files of the absent attorney. If such possession cannot be obtained peaceably, the conservator shall apply to the appointing court for issuance of a warrant authorizing seizure of the files. Probable cause for issuance of such a warrant shall be an affidavit executed by the conservator reciting the existence of the conservatorship and the fact that the persons in control of the premises where the files are or may be located will not consent to a search for them or their removal or other facts showing that the files cannot be obtained without the use of the process of the court.

    (b)    The conservator shall make a written inventory of all files taken into his or her possession.

    (c)    (1)    The conservator shall make a reasonable effort to identify all clients of the absent attorney whose files were opened within five (5) years of the appointment of the conservator, regardless of whether the case is active or not, and a reasonable effort to identify all clients whose cases are active, regardless of the age of the file. The conservator shall send all such clients, and former clients, written notice of the appointment of a conservator, the grounds which required such appointment, and the possible need of the clients to obtain substitute counsel. All such notices shall include the name, address and telephone number of any lawyer referral service or similar agency available to assist in the location of substitute counsel. The conservator shall, if necessary, send a second written notice to all clients of the absent attorney whose files appear to be active.

    (2)    All clients whose files are identified by the conservator as both inactive and older than five (5) years shall be given notice by publication of the appointment of a conservator, the grounds which required such appointment, and the possible need of the clients to obtain substitute counsel. All such notices shall include the name, address and telephone number of any lawyer referral service or similar agency available to assist in the location of substitute counsel. The specific method of publication shall be approved by the appointing court, as to both the method, and duration, of publication. The conservator shall deliver proofs of publication to the appointing court at the time of filing the application for discharge.

    (3)    A file may be returned to a client upon the execution of a written receipt, or released to substitute counsel upon the request of the client and execution of a written receipt by such counsel. The conservator shall deliver all such receipts to the appointing court at the time of filing the application for discharge. On approval by the appointing court of the application for discharge, all files remaining in the possession of the conservator shall be destroyed by the conservator in a secure manner which protects the confidentiality of the files.

    (d)    Neither the conservator nor any partner, associate or other lawyer practicing in association with the conservator shall:

    (1)    Make any recommendation of counsel to any client identified as a result of the conservatorship in connection with any matter identified during the conservatorship.

    (2)    Represent such a client in connection with:

    (i)    any matter identified during the conservatorship; or

    (ii)    any other matter during or for a period of three years after the conclusion of the conservatorship.

    (e)    The conservator shall file a written report with the appointing court and the Board no later than 30 days after the date of appointment covering the matters specified in Subdivisions (a) through (c) of this rule. If those duties have not been accomplished, then the conservator shall state what progress has been made in that regard. Thereafter, the conservator shall file a similar written report every 60 days until discharge.

    (f)    In the case of a deceased attorney, the conservator shall notify the executor of the estate of the Disciplinary Board's need to be reimbursed by the estate for the costs and expenses incurred in accordance with Rule 328(b) (relating to compensation and expenses of conservator.)

Rule 323.    **Cooperation with Conservator.**

Any absent attorney who is capable of cooperating with the conservator and any partner, associate, personal representative or guardian of an absent attorney shall cooperate to the best of his or her ability with the conservator in identifying the clients and client files (including records with respect to funds of clients) of the absent attorney and any unexpended funds of such clients. Wilful failure to so cooperate shall constitute a separate violation of these rules for the purposes of Enforcement Rule 203(b)(3) (relating to grounds for discipline).

> Note: Under Rule 329(b) (relating to review by Supreme Court), review in the Supreme Court, unless otherwise ordered, does not stay the operation of this rule or any other aspect of the conservatorship.

Rule 324.    **Bank and Other Accounts.**

    (a)    A conservator shall notify all banks and financial institutions in which the absent attorney maintained either professional or trustee accounts of the appointment of a conservator under these rules. Service on a bank or

IN THE COURT OF COMMON PLEAS
OF DELAWARE COUNTY, PENNSYLVANIA

| | |
|---|---|
| In the Matter of | : Civil Division |
| LEE MEREDITH HERMAN, Esquire, Deceased | : No. 2025-CV-008153 |
| Attorney Registration No. 27570 | : |
| 280 N. Providence Rd, Ste. 4<br>Media, PA 19063 | : |

## ORDER

AND NOW, this 18th day of September, 2025, upon presentation and consideration of the Application of Office of Disciplinary Counsel for Appointment of Conservator Pursuant to Rule 321 of the Pennsylvania Rules of Disciplinary Enforcement ("Application"), and after a hearing, it is hereby

ORDERED AND DECREED that the Application is GRANTED. The Court appoints Walter J. Timby, III, Esquire, to act as Conservator. He shall notify all parties of said appointment. Such notification shall include a publication, as set forth in Pa.R.D.E. 322(c)(2), once in the *Delaware County Daily Times* and the *Delaware County Legal Journal*.

It is further ORDERED and DECREED that Walter J. Timby, III, Esquire (hereinafter "Conservator") shall take immediate possession of all files, electronically stored data and media, computers, cellular telephones, recorded voice messages, Lee Meredith Herman's financial records, bank and other financial institution records, mail, or other material relating to Mr. Herman's clients, or which may contain client information, located at Mr. Herman's office in Media, Pennsylvania, or at any other place discovered during Conservator's execution of

his duties as Conservator. Conservator shall distribute (or attempt to distribute) the files to Mr. Herman's clients, and take such other action as required by Pa.R.D.E. 321 through 329.

It is further ORDERED and DECREED that Conservator shall be the sole signatory on any professional, IOLTA, trustee, escrow, or business/operating accounts maintained by Lee Meredith Herman, Esquire, at any bank or financial institution, and said accounts shall include *but not be limited to*: an IOLTA Account and Business/Operating Account at PNC Bank, Citizens Bank, and WSFS (Wilmington Savings Fund Society), FSB; and two IOLTA Accounts at Wells Fargo Bank. Except for checks and other negotiable instruments that are stale-dated, Conservator shall have authority to endorse and/or deposit checks and other negotiable instruments—including those made payable to Lee Herman, Esquire, Lee M. Herman, Esquire, Lee Meredith Herman, Esquire, the Law Office of Lee Meredith Herman, and to any similar designation of payee—to Mr. Herman's professional or trustee accounts and to manage and administer the funds in those accounts.

It is further ORDERED and DECREED that Conservator shall have sole authority to receive, open and read all mail addressed to Attorney Lee Meredith Herman from July 1, 2025, and on, for the duration of this conservatorship. Conservator is authorized to place or cause to be placed a forwarding order with the United States Postal Service.

It is further ORDERED and DECREED that all of Mr. Herman's legal and administrative proceedings pending in the Commonwealth of Pennsylvania in which Mr. Herman is counsel of record are hereby STAYED, said Stay to continue,

pursuant to Pa.R.D.E. 321(g), until the earliest of such time as: 1) the Conservator is discharged; 2) the court, tribunal, magisterial district court, or other government unit in which a matter is pending orders that the stay be lifted; or 3) 30 days after the court, tribunal, magisterial district court, or other government unit in which a matter is pending is notified that substitute counsel has been retained. To the extent that Conservator becomes aware through his review of Mr. Herman's files that Mr. Herman is attorney of record in active cases pending in other counties, Conservator shall notify the courts in the other counties of the entry of this Order.

It is further ORDERED AND DECREED that all costs, including filing fees and certified copies, for the duration of this conservatorship, are waived. The Office of Judicial Support, Civil Division, shall provide the Conservator with certified copies of this Order, upon request, to enable him to carry out his duties as Conservator.

BY THE COURT:

_Linda D Cartisano_
P.J.

3