| | |
|---|---|
| William J. Pace and<br>W.J. Pace & Associates, Inc.,<br><br>                     *Plaintiffs,*<br><br>v.<br><br>James D. Flick, John Flick,<br>Mark J. Hill & Associates, PC,<br>Mark J. Hill Esquire, and<br>Nancy Goldstein, Esquire,<br><br>                     *Defendants.* | COURT OF COMMON PLEAS<br>DELAWARE COUNTY<br><br>NO. CV 2019-000517 |

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

**AND NOW**, this 17th day of September, 2024, upon consideration of the Motion for Summary Judgment (the "Hill Motion") filed by Defendants Mark J. Hill & Associates, P.C., Mark J. Hill, Esquire, and Nancy Goldstein, Esquire (all together the "Attorney Defendants"); the Motion for Summary Judgment (the "Flick Motion") filed by Defendants James D. Flick and John Flick ("the Flicks" and, together with the Attorney Defendants, the "Defendants")[1]; the Joint Response in Opposition thereto (the "Response") filed by Plaintiffs William J. Pace and W.J. Pace & Associates, Inc. ("Plaintiffs" or the "Pace Parties"); and the Reply Memorandum filed by the Attorney Defendants; IT IS HEREBY **ORDERED** and **DECREED** that the Motion is **GRANTED** as set forth below.

This matter relates to an underlying civil action the Attorney Defendants prosecuted in this Court on behalf of their clients, the Flicks, captioned as Flick v. Salerno, Civ. Action No.

---

[1] The Defendants filed separate motions, but Plaintiffs filed a Joint Response in Opposition. Since both motions for summary judgment set forth similar, if not the same facts, the Court resolves both the Hill Motion and the Flick Motion in this Order.

1

2014-002959) (the "2014 Lawsuit")[2]. The Pace Parties were defendants in the 2014 Lawsuit, in which the Flicks sought to recover from the Pace Parties certain losses arising from a 2012 settlement with Wawa. See Hill Mot. ¶ 15.[3] At the close of discovery in the 2014 Lawsuit, the Pace Parties filed a motion for summary judgment. In resolving that motion, the Court found that the evidence and expert testimony was insufficient to withstand the Pace Parties' summary judgment motion; in addition, the Court held that the Flicks' claims against the Pace Parties were time barred. See Hill Mot. ¶ 27.[4] In 2019, the Pace Parties filed a lawsuit—the instant one—against the Flicks and the Attorney Defendants, claiming the Defendants herein are liable to the Pace Parties under Pennsylvania's statute for wrongful use of civil

---

[2] See Hill Mot. Ex. 2 (the Complaint in the 2014 Lawsuit) ¶¶ 133-47.

[3] In the 2014 Lawsuit, the Flicks alleged the following:

- The Flicks hired the Pace Parties to serve as their real estate agent and assist them in locating a commercial property for use as an automotive repair shop. See Hill Mot. Ex. 2 ¶ 8.

- At the time they retained the Pace Parties, they did not know that the Pace Parties also represented the Salernos, who were looking to sell their commercial property. Id.

- After the Pace Parties were retained by the Flicks, they informed them about the Salernos' desire to sell their commercial property. The Flicks purchased the commercial property, located at 14-20 S. Pennell Road, Middletown Township, PA (the "Commercial Property"). Id.

- The Pace Parties recommended Russel Phifer, to perform an environmental inspection pursuant to Pennsylvania law. Phifer performed the inspection and stamped the Commercial Property with approval. Id.

- In 2003, Wawa discovered that the Commercial Property was the source of groundwater contamination. Wawa filed suit against the Flicks in 2005 and the Flicks and Wawa entered into a settle agreement in November 2012. Id. ¶ 9.

- After Phifer performed inspection, the Flicks alleged that he "ignored the red flags" of obvious environmental significance.

- The Pace Parties were an experienced real estate broker, and should have reasonably known the environmental risks that a dry cleaner presented to the soil and groundwater. Id.

[4] See generally Hill Mot. Ex. 3 (Burr Order) at 53-60.

2

proceedings, commonly referred to as the Dragonetti Act. The Pace Parties also assert a "claim" for punitive damages.[5]

By their motions, all of the Defendants in this case assert that summary judgment must be granted in their favor because there is no evidence to support the Pace Parties' claim for wrongful use of civil proceedings or the request for punitive damages. See Flick Mot. ¶¶ 16-22; Hill Mot. ¶ 3. Additionally, the Attorney Defendants argue that (i) Pace has provided no evidence that shows the 2014 Lawsuit was prosecuted for an improper purpose and (ii) Plaintiffs' failure to retain an expert is fatal to a Dragonetti Action. See Hill Mot. ¶¶ 4-5.

Summary judgment may be granted in the following circumstances:

> (1) Whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by an additional discovery or expert report, or (2) if, after completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of acts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa. R. Civ. P. 1035.2. Summary judgment is proper where the facts reasonably support only one conclusion. Askew By Askew v. Zeller, 521 A.2d 459, 463 (Pa. Super. Ct. 1987). When the moving party is a defendant—here, the Flicks and the Attorney Defendants—the defendant "may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of his cause of action." Godlewski v. Pars Mfg. Co., 597 A.2d 106, 109 (Pa. Super. Ct. 1991). To withstand summary judgment, a non-moving party (here, the Pace Parties) must provide evidence of

---

[5] It is well-settled that "a request for punitive damages does not constitute a cause of action in and of itself but is merely incidental to a cause of action." See Roehrig v. Township of Cass, No. 1144, 2015 WL 5478354, at n.2 (Pa. Commw. Ct. 2015) (citing Feingold v. SEPTA, 517 A.3d 1270, 1275-76 (Pa. 1986)). As such, where, as here, the cause of action—under the Dragonetti Act—fails, see infra, the Court need not reach whether there is evidence to support an award of punitive damages.

3

facts essential to the cause of action for which that party bears the burden. See Ertel v. Patriot News Co., 674 A.2d 1038, 1042 (Pa. 1996). When reviewing a motion for summary judgment, the Court must review the record "in the light most favorable to the non-moving party, and all doubts regarding the existence of a genuine issue of material fact must be resolved against the moving party. Young v. Commonwealth, Dep't of Transp., 744 A.2d 1276, 1277 (Pa. 2000) (citing Ertel, 674 A.2d at 1042). "Failure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict in its favor establishes the entitlement of the moving party to judgment as a matter of law." Id.

In order to prevail on a claim of wrongful use of civil proceedings under the Dragonetti Act, the Pace Parties must show that (1) the Defendants instituted proceedings for an improper purpose, (2) the Defendants lacked probable cause to institute proceedings or were grossly negligent, and (3) the proceedings terminated in favor of the Pace Parties. See Keystone Freight Corp. v. Stricker, 31 A.3d 967, 972 (Pa. Super. Ct. 2011); Meiksin v. Howard Hanna Co., Inc., 590 A.2d 1303 (Pa. Super. Ct. 1991).[6] In a wrongful use of civil proceedings case, the Court decides the existence of probable cause, gross negligence, and/or improper purpose as a matter of law when the facts are not in dispute. See Bannar v. Miller, 701 A.2d 242, 249 (Pa. Super. Ct. 1997); accord Wainauskis v. Howard Johnson Co., 488 A.2d 1117, 1222 (Pa.

---

[6] See 42 Pa. Cons. Stat. § 8351

   (a) **Elements of action.** A person who takes part in a procurement, initiation, or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

   (1) He acts in a grossly negligent manner **or** without probable cause **and** primarily for the purpose of and that of securing improper discovery, joinder of parties or adjudication of a claim on which the proceedings are based; and

   (2) The proceedings have terminated in favor of a person against whom they are brought.

4

Super. Ct. 1985) (malicious prosecution claim); see also Broadwater v. Sentner, 725 A.2d 779, 782 (Pa. Super. Ct. 1999) ("Usually, the existence of probable cause is a question of law for the court rather than a jury question, [but it] may be submitted to the jury **when facts *material to the issue of probable cause* are in controversy.**") (emphasis added). A party seeking redress under the Dragonetti Act—in this case, the Pace Parties—bears a heavy burden since the plaintiff must demonstrate the absence of probable cause or gross negligence on the part of the plaintiff in the underlying action, and that the underlying action was filed for an improper purpose. See U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 394 (3d Cir. 2002).

The Pace Parties have satisfied one element irrefutably: The 2014 Lawsuit was terminated in their favor when their motion for summary judgment was granted. However, satisfying this one element does not meet the burden of proof required in a Dragonetti Action; Plaintiffs must still demonstrate evidence of the other elements. See supra n. 6. That is, is there evidence that the Defendants were grossly negligent **or** lacked probable cause in prosecuting the 2014 Lawsuit? And is there evidence that the 2014 Lawsuit was brought and/or litigated for an improper purpose?

In determining whether probable cause was present or lacking, the statute provides as follows:

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:
>
> (1) Reasonably believes that under those facts the claim may be valid under the existing or developing law;
>
> (2) Believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or

5

(3) Believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.

42 Pa. Cons. Stat. § 8352.

In support of their motions, the Defendants have provided evidence and case law that they argue supports their position that they initiated the 2014 Lawsuit *with* probable cause and were not grossly negligent in doing so. See, e.g., Hill Mot. ¶ 50-68.[7] Plaintiffs, in turn, have not provided any evidence adduced in discovery in this case in support of their claim that the Defendants filed the 2014 Lawsuit without probable cause and for an improper purpose. Instead, Plaintiffs attach excerpts from various depositions in the 2014 Lawsuit and state that Defendants are collaterally estopped from claiming they proceeded with probable cause in the 2014 Lawsuit. See Resp. at 11-12.[8] Notably absent from Plaintiffs' Response is any citation to authority pertaining to the "probable cause" prong of the Dragonetti Act (or any other case involving a Dragonetti Act claim for that matter). See Resp. at 11.[9]

The doctrine of collateral estoppel may be invoked to preclude a party from relitigating an issue that was previously litigated and resolved against that party. There are four requisite elements to trigger application of the doctrine of collateral estoppel: (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final

---

[7] Defendants have attached to the motions deposition testimony of William Pace (from *this* case), an expert report, and Answers to Interrogatories (from *this* case).

[8] Plaintiffs also attach an "Evaluation of William Pace" prepared by the *Defendants'* expert in this case, whio concludes that, inter alia, there is no objective evidence that Mr. Pace's medical concerns and conditions were in any way caused by or related to the 2014 Lawsuit. Whether Mr. Pace has sustained such damages is not relevant to the analysis of whether there is sufficient evidence in support of his Dragonetti Act claim.

[9] See Safeguard Mut. Ins. v. Williams, 345 A.2d 664 (Pa. 1975) (holding neither res judicata nor collateral estoppel prevented policyholders from seeking a preliminary injunction regarding nonpayment of insurance premiums); Pilgram Foods v. Filler Prod., 143 A.2d 47 (Pa.1958) (holding prior action involving nonresident corporation and resident corporation is considered res judicata in subsequent trespass action).

6

judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action. Shaffer v. Smith, 673 A.2d 872, 874 (Pa. 1996) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979)). The Pace Parties argue that "probable cause" is an identical issue to the judgment in the first case because the Flicks could not adduce sufficient evidence to survive summary judgment in the 2014 Lawsuit. See Resp. at 12. But Judge Burr did not conclude that the Attorney Defendants or the Flicks lacked probable cause in asserting claims against the Pace Parties. See Hill Mot. Ex. 3. A finding that the Flicks were unable to produce enough evidence to survive summary judgment is not "identical" to the issue of whether the Attorney Defendants lacked probable cause. This is a misapplication of the doctrine of collateral estoppel.

Beyond that, Plaintiffs have failed to provide sufficient (if any) evidence to show that Defendants filed the 2014 Lawsuit without probable cause. Put differently, Plaintiffs have not identified a fact in dispute as to this element, and so there is nothing for a fact-finder to resolve in determining whether Defendants lacked probable cause in initiating the 2014 Lawsuit. See Resp. at 12-13.[10] Plaintiffs suggest that they should not "be punished by the grant of Summary Judgment because of Pace's alleged 'failure' to conduct discovery," Resp. at 11, but entry of summary judgment in the absence of evidence in support of the elements of the Dragonetti Act claim in this case is not "punishment". At the summary judgment stage, as noted above, a the non-moving party—here, the Pace Parties—must show the Court that there is sufficient evidence to establish the existence of an essential element of the claim (here, wrongful use of

---

[10] Plaintiffs state, "[I] the Court would prefer to submit the probable cause issue to the jury, so be it." But Plaintiffs have not presented a factual issue on this element for a jury to consider.

7

civil proceedings) on which that party bears the burden. See Young, supra (reinstating trial court's order granting summary judgment, noting that if non-moving party fails to come forward with sufficient evidence to establish a material issue, moving party is entitled to judgment as matter of law); accord Herr v. Herr, 957 A.2d 1280, 1284 (Pa. Super. Ct. 2008).[11] The Pace Parties have not done so—the summary judgment record is devoid of evidence that would create a genuine issue of material fact as to whether the Defendants in the 2014 Lawsuit lacked probable cause in proceeding with the case.

The record with respect to whether Defendants were grossly negligent in filing the 2014 Lawsuit is similarly bare. Instead of submitting facts in support of this element of the claim, Plaintiffs state (incorrectly) "[w]hether or not the Hill office lawyers were negligent, or even 'grossly' negligent, is of no moment." See Resp. at 16. Gross negligence *is* an element of the statutory action that the Plaintiffs must meet if there is insufficient evidence that Defendants filed the underlying lawsuit without probable cause. See 42 Pa. Cons. Stat. § 8531(a)(1). In this case, Plaintiffs have failed to offer any evidence (that they would be required to prove at trial) to show the 2014 Lawsuit was filed without probable cause or with gross negligence. See Hill Mot. ¶¶ 53-68; see also Hill Mem. at 4-7 (Dkt. 89).

The Attorney Defendants argue additionally (and correctly) that Plaintiffs must also offer evidence that the Attorney Defendants prosecuted the 2014 Lawsuit primarily for an improper

---

[11] As the Young Court reminds us, "[a] jury can not be allowed to reach a verdict merely on the basis of speculation or conjecture." Young, 744 A.2d at 1277. Nor may the non-moving party merely rely on her pleadings in response to a motion for summary judgment. Thompson v. Ginkel, 95 A.3d 900 (Pa. Super. Ct. 2014); accord Pa. R. Civ. P. 1035.3(a) (same). This is so because the purpose of the summary judgment procedure is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Ertel, 674 A.2d at 1042 (stating that the "mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for a trial.") (citation omitted).

purpose; they assert that Plaintiffs have failed to do so.[12] See Hill Mot. ¶ 60. To withstand summary judgment, the Pace Parties must offer evidence that Defendants filed the 2014 Lawsuit "primarily for a **purpose** other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based." 42 Pa. Cons. Stat. § 8351(a)(1); see also Restatement (2d) of Torts, § 676 (explaining situations where civil proceedings are filed for improper purposes). An attorney is not liable for wrongful use of civil proceedings if the attorney believes there is a slight chance it is successful. See Keystone Freight Corp. 31 A.3d. at 973 (holding that plaintiff did not establish elements to prove Dragonetti Action).

The Pace Parties argue that there is a genuine dispute of material fact as to whether Defendants acted with improper purpose when filing the 2014 Lawsuit for the following reasons:

- "All witnesses, in depositions, agreed Pace played a limited role in the 1998 real estate transaction between the Salerno and the Flicks." Resp. at 13.[13]

- Judge Burr granted summary judgment for Pace and explained "there [was] no triable issue of fact that...the Pace defendants...are liable in anyway." Id. at 14.[14]

- "Flicks and their lawyers continued to demand cash from a frightened Pace, and to threaten him with litigation, even contacting him directly...to attempt to shake loose cash by extortion." Id.[15]

---

[12] Plaintiffs state, "...Hill defendants, acting on behalf of the Flicks, undertook to obtain money from Pace in settlement of the fraudulent claim by the defendants in lawful use of proceedings." See Compl. ¶ 17.

[13] The only deposition testimony attached to the Response was from the 2014 Lawsuit.

[14] This quote from Judge Burr's summary judgment only concerns whether the lawsuit is viable; it does not establish that the Defendants had an improper purpose for civil proceedings, nor does this give rise to a dispute of material fact in this Dragonetti Action, where the issues to prove are entirely different from the claims in the underlying action. See Mansman v. Truman, 970 F. Supp. 389 (E.D. Pa. 1997) (applying Pennsylvania law).

[15] In addition to attaching excerpts from depositions in the 2014 Lawsuit, Plaintiffs' Response appends two communications from the lawyers for the Hill Defendants in March 2017 and May 2018, when the appeal of the 2014 Lawsuit was pending. See Resp. Exs. 8 & 10.

9

Even when viewed in a light most favorable to the non-moving party, the Court finds these facts are not material to the issue of whether the Attorney Defendants prosecuted the 2014 Matter for an improper purpose. The deposition excerpts do not relate at all to the reasons for prosecuting the 2014 Lawsuit, nor does the trial court's opinion from the 2014 Lawsuit relate to that issue. Indeed, there is nothing in the summary judgment record that suggests that Plaintiffs even attempted to take discovery in this case to find evidence of "improper purpose". Put simply, nothing in the summary judgment record even remotely suggests that Defendants proceeded with the 2014 Lawsuit for a purpose other than that of "securing proper discovery, joinder of parties, or adjudication of the claim in which the proceedings [were] based." 42 Pa. Cons. Stat. § 8351.

To the extent Plaintiffs suggest that the letters in March 2017 and May 2018 (while the appeal of the 2014 Lawsuit was pending) are proof of an improper purpose, this argument falls flat. It is not improper to invite settlement discussions in a case, as the Attorney Defendants did in 2017 and 2018, unless such settlement has no relation to the case. See Shaffer v Stewart, 473 A.2d 1017, 1021 (Pa. Super. Ct. 1984); accord Rosen v. Am. Bank of Rolla, 627 A.2d 190, 193 (Pa. Super. Ct. 1993) ("a frivolous appeal will not support an action for wrongful use of a civil proceeding"); see also City of Coatesville v. Jarvis, 902 A.2d 1249, 1252 (Pa. Super. Ct. 2006). The communications attached to the Response are, on their face, simply not evidence of any improper motive on the part of the Flicks or their attorneys in the 2014 Lawsuit, whether to try to settle the claims or otherwise. Moreover, in *this* case in which the Pace Parties must prove improper motive as part of the Dragonetti Act claim, Mr. Pace himself *admitted* that he is not aware of any motive for the Attorney Defendants to commence the 2014 Lawsuit other

10

than for purposes of obtaining a judgment against the Pace Parties or obtaining a settlement. See Mot. Ex. 6.[16]

Last, the Attorney Defendants argue that the Pace Parties' failure to serve an expert report (opining that Defendants breached their standard of care as attorneys)[17] is fatal to the Dragonetti Action. See Hill Mot. ¶ 71-78 (citing, *inter alia*, Schmidt v. Currie, 470 F. Supp. 2d 477 (E.D. Pa. 2005) (applying Pennsylvania law), aff'd, 217 Fed. Appx. 153 (3d Cir. 2007). Pace's Response to this argument, see Resp. at 13 ("One final matter: . . .") & 16 (arguing that the expert report "does not address the issues that will be litigated" in this case), is confusing, lacks citation to any relevant case law, and is wholly unavailing.[18] The Court observes that there is authority that departs from the court's analysis and conclusion in Schmidt (where the trial court granted summary judgment for the attorney defendants, a ruling that was upheld by the Third Circuit), including the non-precedential unpublished decision in Rubin v. Stewart, 293 A.3d 617 (Pa. Super. Ct. 2023) (agreeing with trial court that "expert testimony is not required to prove an attorney's liability in a Dragonetti action, particularly where, as here, the issues were "neither complex nor beyond the knowledge of the average person") and Miller v. St.

---

[16] Under the well-established Nanty-Glo Rule, "[t]estimonial affidavits of the moving party or his witnesses, . . . even if uncontradicted, will not afford sufficient basis for the entry of summary judgment, since the credibility of the testimony is still a matter for the jury." 163 A. 523 (Pa. 1932); see also Penn Ctr. House, Inc. v. Hoffman, 553 A.2d 900, 903 (Pa. 1989). However, Nanty-Glo does not prevent the Court from considering the non-movant's testimony; it merely disallows entry of summary judgment on the basis of the testimony of the *movants*. See Sherman v. Franklin Regional Med. Ctr., 660 A.2d 1370, 1372 (Pa. Super. Ct. 1995) (noting exception to rule that summary judgment may not be had where moving party relies exclusively upon oral deposition testimony: Where the moving party supports the motion by using **admissions of the opposing party or the opposing party's own witnesses**).

[17] Defendants correctly state the expert discovery deadline for this matter has passed, and the Pace Parties have not produced an expert report. See Hill Mot. ¶ 72.

[18] "Counsel for the Hill Office has raised the question of whether the findings of this Court and the Superior Court can be superseded by the report of the expert Woodburn...The offer of an expert's report, under any circumstance, given that it has not been offered to the trier of fact, after cross examination, cannot be considered for Motion for Summary Judgment." See Resp. at 13.

<u>Luke's Univ. Health Network</u>, 142 A.3d 884 (Pa. Super. Ct. 2016) (noting that Superior Court had previously rejected argument that expert testimony is required as matter of law in Dragonetti action where it had not been established that issues were too complex or beyond knowledge of jury) (internal citation omitted). However, the Court need not resolve this issue in this case because, as noted hereinabove, there is no evidence in the record before the Court in this case—whether by expert testimony or otherwise—to suggest there are material facts in dispute that are relevant to the issues presented by this case, including whether the Flicks and their lawyers proceeded with the 2014 Lawsuit without probable cause or in a grossly negligent manner, and with an improper purpose.

For the reasons set forth above, IT IS HEREBY **ORDERED** AND **DECREED** that both motions for summary judgment are **GRANTED** and Plaintiffs' claims in this case are **DISMISSED WITH PREJUDICE**.

_____
KELLY D. ECKEL, J.